IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Niyah Smith-Walker<br>Sheldon L. Walker<br>　　　　　Debtor(s) | CHAPTER 13 |
| Niyah Smith-Walker<br>Sheldon L. Walker<br>　　　　　Debtor(s) | NO. 18-13616 MDC |
| vs. | |
| Pennsylvania Housing Finance Agency<br>　　　　　Secured Creditor<br>William C. Miller Esq.<br>　　　　　Trustee | 11 U.S.C. Section 362 |

**STIPULATION TO DETERMINE
DISCHARGEABILITY OF DEBT AND TO AVOID SECOND LIEN**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. Pennsylvania Housing Finance Agency (hereinafter referred to as "Secured Creditor") and Debtors, Niyah Smith-Walker and Sheldon L. Walker (hereinafter referred to as "Debtors"), stipulate that Secured Creditors holds a first mortgage on the real property located at 6059 Lawndale Street, Philadelphia, PA 19111(hereinafter referred to as "the Property"), as evidenced by a certain Mortgage dated October 13, 2009, in the principal amount of $140,409.00 and recorded on October 16, 2009, with the Philadelphia County Recorder of Deeds as document number 52131453 (hereinafter referred to as "the First Mortgage").

2. Secured Creditor also holds a second mortgage, as evidenced by a certain mortgage dated October 13, 2009, in the principal amount of $5,000.00 and recorded on October 16, 2009, with the Philadelphia County Recorder of Deeds as document number 52131439 (hereinafter referred to as the "Second Mortgage").

3. The parties stipulate that the Property appears to lack sufficient equity to secure the Second Mortgage.

4. The parties agree that the Second Mortgage shall only be released upon the successful completion of this bankruptcy case and issuance of a discharge order. Should the bankruptcy case be dismissed or converted to another chapter under the Bankruptcy Code, the Second Mortgage will be fully reinstated without further order of this Court.

5. In the event that Secured Creditor forecloses on its First Mortgage security interest on the Property prior to the Debtors' completion of the Chapter 13 Plan and receipt of a Chapter 13 discharge, as evidenced by the entry of a discharge order, the Second Mortgage shall be attached to the surplus proceeds from the foreclosure sale for the full amount of the balance due and owing under the loan documents.

6. Further, in the event that the Property is sold, or any mortgage superior in priority to that of the Second Mortgage is refinanced, the lien of the Second Mortgage shall be fully reinstated without further order of this Court.

Date:   January 31, 2019

By:  /s/Rebecca A. Solarz, Esq.
Rebecca A. Solarz, Esq.
Attorney for Secured Creditor

Date:_____

By:_____
Brad J. Sadek Esq.
Attorney for Debtor(s)

No Objection: [signature] 2/5/19
TRUSTEE
*without prejudice to any trustee rights or remedies

Approved by the Court this  6th   day of    February         , 2019. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge