United States Bankruptcy Court
Eastern District of Pennsylvania

In re:
Niyah Smith-Walker
Sheldon L. Walker
      Debtors

Case No. 18-13616-mdc
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0313-2     User: Antoinett     Page 1 of 1     Date Rcvd: Feb 06, 2019
                            Form ID: pdf900     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 08, 2019.
db/jdb          +Niyah Smith-Walker,    Sheldon L. Walker,    6059 Lawndale Street,    Philadelphia, PA 19111-5723

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                     TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                     TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 08, 2019                                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 6, 2019 at the address(es) listed below:
        BRAD J. SADEK    on behalf of Debtor Niyah  Smith-Walker brad@sadeklaw.com,    bradsadek@gmail.com
        BRAD J. SADEK    on behalf of Joint Debtor Sheldon L. Walker brad@sadeklaw.com,
   bradsadek@gmail.com
        KEVIN G. MCDONALD    on behalf of Creditor   U.S. BANK NATIONAL ASSOCIATION, (AS TRUSTEE FOR THE
   PENNSYLVANIA HOUSING FINANCE AGENCY) bkgroup@kmllawgroup.com
        LEON P. HALLER    on behalf of Creditor   U.S. BANK NATIONAL ASSOCIATION, (AS TRUSTEE FOR THE
   PENNSYLVANIA HOUSING FINANCE AGENCY) lhaller@pkh.com,    dmaurer@pkh.com;mgutshall@pkh.com
        REBECCA ANN SOLARZ    on behalf of Creditor   U.S. BANK NATIONAL ASSOCIATION, (AS TRUSTEE FOR THE
   PENNSYLVANIA HOUSING FINANCE AGENCY) bkgroup@kmllawgroup.com
        United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
        WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,    philaecf@gmail.com
                                                                                                           TOTAL: 7

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Niyah Smith-Walker<br>Sheldon L. Walker<br>    Debtor(s) | CHAPTER 13 |
| Niyah Smith-Walker<br>Sheldon L. Walker<br>    Debtor(s) | NO. 18-13616 MDC |
| vs. | |
| Pennsylvania Housing Finance Agency<br>    Secured Creditor<br>William C. Miller Esq.<br>    Trustee | 11 U.S.C. Section 362 |

### STIPULATION TO DETERMINE DISCHARGEABILITY OF DEBT AND TO AVOID SECOND LIEN

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. Pennsylvania Housing Finance Agency (hereinafter referred to as "Secured Creditor") and Debtors, Niyah Smith-Walker and Sheldon L. Walker (hereinafter referred to as "Debtors"), stipulate that Secured Creditors holds a first mortgage on the real property located at 6059 Lawndale Street, Philadelphia, PA 19111(hereinafter referred to as "the Property"), as evidenced by a certain Mortgage dated October 13, 2009, in the principal amount of $140,409.00 and recorded on October 16, 2009, with the Philadelphia County Recorder of Deeds as document number 52131453 (hereinafter referred to as "the First Mortgage").

2. Secured Creditor also holds a second mortgage, as evidenced by a certain mortgage dated October 13, 2009, in the principal amount of $5,000.00 and recorded on October 16, 2009, with the Philadelphia County Recorder of Deeds as document number 52131439 (hereinafter referred to as the "Second Mortgage").

3. The parties stipulate that the Property appears to lack sufficient equity to secure the Second Mortgage.

4. The parties agree that the Second Mortgage shall only be released upon the successful completion of this bankruptcy case and issuance of a discharge order. Should the bankruptcy case be dismissed or converted to another chapter under the Bankruptcy Code, the Second Mortgage will be fully reinstated without further order of this Court.

5. In the event that Secured Creditor forecloses on its First Mortgage security interest on the Property prior to the Debtors' completion of the Chapter 13 Plan and receipt of a Chapter 13 discharge, as evidenced by the entry of a discharge order, the Second Mortgage shall be attached to the surplus proceeds from the foreclosure sale for the full amount of the balance due and owing under the loan documents.

6. Further, in the event that the Property is sold, or any mortgage superior in priority to that of the Second Mortgage is refinanced, the lien of the Second Mortgage shall be fully reinstated without further order of this Court.

Date:   January 31, 2019           By:  /s/Rebecca A. Solarz, Esq.
                                    Rebecca A. Solarz, Esq.
                                    Attorney for Secured Creditor

Date:_____              By:_____
                                    Brad J. Sadek Esq.
                                    Attorney for Debtor(s)

*No Objection; without prejudice to any trustee rights or remedies
TRUSTEE
2/5/19

Approved by the Court this __6th__ day of ___February___, 2019. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge