IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Niyah Smith-Walker<br>Sheldon L. Walker<br><br>         Debtors | CHAPTER 13 |
| U.S. BANK NATIONAL ASSOCIATION, (AS TRUSTEE FOR THE PENNSYLVANIA HOUSING FINANCE AGENCY)<br>         Movant<br><br>vs. | NO. 18-13616 MDC |
| Niyah Smith-Walker<br>Sheldon L. Walker<br><br>         Debtors<br><br>William C. Miller Esq.<br><br>         Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.    The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$9,571.00,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | July 2018 through October 2018 at $1,066.00/month<br>November 2018 to February 2019 at $1,069.00/month |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$9,571.00** |

2.    The Debtor(s) shall cure said arrearages in the following manner;

a). Beginning on March 1, 2019 and continuing through November 1, 2019, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$1,069.00** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$1,063.45 from March 2019 to October 2019** and **$1,063.40 for November 2019** towards the arrearages on or before the last day of each month at the address below;

PHFA Loan Servicing Division
211 North Front Street
Harrisburg, Pennsylvania 17101

b).    Maintenance of current monthly mortgage payments to the Movant thereafter.

3.    Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4.    In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5.    The stay provided by Bankruptcy Rule 4001(a)(3) is waived .

6.    If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7.    If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.    The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9.    The parties agree that a facsimile signature shall be considered an original signature.

Date:    February 12, 2019             By: /s/ Rebecca A. Solarz, Esquire
                                            Attorney for Movant

Date:  2/19/19

                                         Brad J. Sadek, Esquire
                                         Attorney for Debtors

Date:  2/26/19

                                         William C. Miller, Esquire    NO POSITION
                                         Chapter 13 Trustee

                                         *without prejudice to any
                                         trustee rights or remedies

Approved by the Court this 28th day of ___February___, 2019. However, the court retains discretion regarding entry of any further order.

_Magdeline D. Coleman_
_____
Bankruptcy Judge
Magdeline D. Coleman